# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF<br>NEW NOMADIC SHORT SEA SHIPPING AS,<br>NOMADIC CHARTERING AS AND<br>INTERSHIP NAVIGATION CO. LTD., AS<br>OWNERS AND MANAGERS OF THE M/V<br>NOMADIC MILDE PETITIONING FOR<br>EXONERATION FROM OR LIMITATION OF<br>LIABILITY | CIVIL ACTION<br><br>NUMBER:<br><br>SECTION:<br><br>JUDGE:<br><br>MAGISTRATE: |

## VERIFIED COMPLAINT IN LIMITATION

The Complaint in Limitation of New Nomadic Short Sea Shipping AS, Nomadic Chartering AS and Intership Navigation Co. Ltd., as owners and managers of M/V NOMADIC MILDE (hereinafter collectively referred to as "Petitioners"), in a cause of exoneration from and limitation of liability, civil and maritime, within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, alleges upon information and belief, as follows:

(1)     At all times pertinent to this cause, New Nomadic Short Sea Shipping A.S. ("New Nomadic"), was a company organized and existing under and by virtue of the laws of a foreign nation with its principal place of business outside the United States, and was the owner of M/V NOMADIC MILDE.

(2)     At all times pertinent to this cause, Intership Navigation Co. Ltd. ("Intership") was a corporation organized under and existing by virtue of the laws of a foreign nation with its

- 1 -

principal place of business outside the United States, and was a manager of M/V NOMADIC MILDE.

(3)     At all times pertinent to this cause, Nomadic Chartering AS ("Nomadic Chartering") was a corporation organized under and existing by virtue of the laws of a foreign nation with its principal place of business outside the United States, and was a manager of M/V NOMADIC MILDE.

(4)     M/V NOMADIC MILDE is a bulk carrier bearing IMO number 9463554 and flagged under the laws of Marshall Islands and home-ported in Majuro.

(5)     Petitioners used due diligence to make the aforementioned vessel seaworthy, and she was, prior to the casualty referred to below, tight, staunch, strong, and fully and properly manned, equipped and supplied and in all respects seaworthy and fit for the service in which she was engaged.

(6)     On or about May 8, 2020, the NOMADIC MILDE was at anchor in the Kenner Bend Anchorage in the Lower Mississippi River and subsequently allegedly came into contact with the M/V ATLANTIC VENUS and later with a facility allegedly owned and operated by Cornerstone Chemical Company ("Cornerstone").

(7)     As a result of the aforementioned incident, certain persons allege they sustained physical damages, economic and/or other losses.  Specifically, Cornerstone has filed in this Court a Verified Complaint against the NOMADIC MILDE, *in rem*, and has obtained a warrant for the arrest of the Vessel, seeking to recover damages in the amount of $66,954,882.00. (See Civil Action No. 2:20-cv-1411).

(8)     In addition, the owners of the ATLANTIC VENUS have put Petitioners on notice of their intent to claim damages from Petitioners allegedly resulting from the incident described above.

(9)     This Complaint is filed within six months from the date Petitioners received first notice of a limitable claim.

(10)    The aforementioned incident was not due to any fault, neglect or want of care on the part of Petitioners or M/V NOMADIC MILDE or anyone for whom said Petitioners may be responsible.

(11)    The aforementioned incident was occasioned by and occurred without the privity and knowledge of Petitioners herein.

(12)    Filed herewith is a list of all demands related to this aforementioned incident of which Petitioners have knowledge as of the time of the filing of this Complaint.  Petitioners are, as of this date, unaware of any other suits, petitions, demands, unsatisfied claims of liens, or liens against Petitioners or the M/V NOMADIC MILDE arising out of the aforementioned incident.

(13)    As a result of the aforementioned incident, petitioner's vessel sustained damage presently estimated at ONE MILLION FIVE HUNDRED THOUSAND DOLLARS and 00/100 ($1,500,000.00) DOLLARS (Exhibit "A").  Petitioners reserve the right to supplement and amend this paragraph as further facts are developed.

(14)    At the time of the incident, NOMADIC MILDE was loaded with cargo to be carried to and discharged in Port Pirie, Australia.  She was at the time operating under a time charter party pursuant to which she was due to be paid hire at a rate of $4,500 per day (for 35 days) and $6,400 per day (for 12 days) with a total estimated sailing time of 47 days.

- 3 -

Accordingly, the hire expected to become payable for the voyage was $234,300.00  (Exhibit "B").

(15)    Petitioners' interest in M/V NOMADIC MILDE, based on the attached Valuation Report (Exhibit "C"), together with its pending freight, minus the damage sustained by NOMADIC MILDE, did not and does not now exceed the maximum sum of SIX MILLION TWO HUNDRED THIRTY-FOUR THOUSAND THREE HUNDRED AND 00/100 ($6,234,300.00) DOLLARS.

(16)    Petitioners herewith submit for Court approval, as security for the benefit of all potential claimants, a Letter of Undertaking from Norwegian Hull Club (Exhibit "D") in the sum of $6,234,300.00, plus interest at six percent (6%) per annum from the date of said Letter of Undertaking, said sum representing the total value of the NOMADIC MILDE, her appurtenances, etc. and pending freight or hire, less the cost of repairs following the casualty.

(17)    Petitioners claim exoneration from and limitation of liability for any and all injuries, deaths, losses, or damages occurring as a result of the aforementioned incident and for any and all claims therefor. Petitioners allege that they have a valid defense thereto on the facts and on the law. Alternatively, Petitioners, without admitting but affirmatively denying all liability, claim the benefit of the limitation of liability provided for in Sections 30501, *et seq.* of Title 46 of the United States Code, and, to that end, Petitioners herewith deposit into the registry of the Court, as security for the benefit of potential claimants, the aforementioned Letter of Undertaking.

(18)    Petitioners show that if one or all of them should be held liable to any degree to anyone, which is denied, the liability should be limited to and not exceed the value of

- 4 -

Petitioners' interest in the aforementioned vessel and her hire in the maximum aggregate of $6,234,300.00.

(19)     Should it later appear that Petitioners are or may be liable and that the amount or value of their interests in the M/V NOMADIC MILDE and her pending hire, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum represented by the Letter of Undertaking, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules, the general maritime law, and by the rules and practices of this Honorable Court.

(20)     All and singular the premises are true and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, Petitioners pray:

(1)     This Court issue an Order approving the Letter of Undertaking submitted to the Court by Petitioners as security for the amount or value of its interest in the M/V NOMADIC MILDE and her pending freight or hire;

(2)     This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Petitioners a copy thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the

attorneys for Petitioners an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

(3)     This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Petitioners, their officers, and their underwriters, and/or against the M/V NOMADIC MILDE, her officers and crews or against any employee or property of Petitioners except in this action, to recover damages for or in respect of any loss, damage, injury, or deaths occasioned or incurred as a result of the aforesaid accident;

(4)     This Court will adjudge, after due proceedings, that Petitioners are not liable to any extent for any injuries, losses, deaths, or damages occurring as a result of the accident, or for any claim therefor in any way arising out of or resulting from the aforesaid accident;

(5)     Alternatively, if Petitioners shall be adjudged liable, then that such liability be limited to the amount or value of Petitioners' interest in the M/V NOMADIC MILDE and her pending hire, as aforesaid, at the end of the voyage on which it was engaged at the time of the accident, and that Petitioners be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinabove prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging both Petitioners and their underwriters from all further liability; and

PD.28724792.1

(6)     Petitioners may have such other, further or different relief as may be just in the circumstances.

Respectfully submitted,

PHELPS DUNBAR LLP


*/s/ Gary A. Hemphill*
Gary A. Hemphill, T.A. (La. Bar #6768)
Michael M. Butterworth (La. Bar #21265)
William J. Riviere (La. Bar# 20593)
Michael F. Held (La. Bar #37466)
Adam N. Davis (La. Bar #35740)
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
gary.hemphill@phelps.com
michael.butterworth@phelps.com
bill.riviere@phelps.com
michael.held@phelps.com
adam.davis@phelps.com

ATTORNEYS FOR PETITIONERS,
NEW NOMADIC SHORT SEA SHIPPING AS,
NOMADIC CHARTERING AS AND INTERSHIP
NAVIGATION CO. LTD., AS OWNERS AND
MANAGERS OF M/V NOMADIC MILDE

PD.28724792.1

## VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

     I, Gary A. Hemphill, confirm, declare and verify that I am an attorney for the captioned Petitioners in limitation; that I make this verification on behalf of Petitioners for the reason that no officers of Petitioners are available in the district to sign same; that I am authorized to make this Verification and to file the foregoing Complaint in Limitation on behalf of Petitioners; and that I have read the above and foregoing Complaint in Limitation and all the allegations of fact therein contained are true and correct, upon information and belief, and based upon publicly available information sources, conversations with representatives of Petitioners, and e-mails and documents received from Petitioners.

     I declare under penalty of perjury that the foregoing is true and correct. Executed on May 21, 2020.

 

 

_____

GARY A. HEMPHILL

PD.28724792.1